# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF WORCESTER, SEPTEMBER TERM 1851, AT WORCESTER.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. THERON METCALF,
Hon. RICHARD FLETCHER, } Justices.
Hon. GEORGE T. BIGELOW,

---

## Asa W. Clark vs. Harvey Tainter.

C, by his last will appointed T. his sole executor, and authorized him to sell and convey such of C.'s property, as in T.'s judgment would promote the interest of all concerned, to raise a certain amount for the payment of debts and of certain legacies; and devised and bequeathed the residue of his property, subject to the rights and directions given to his executor, and subject to the payment of his debts: T. declined to act as executor, and an administrator of the estate of C. with the will annexed, was appointed: T. afterwards accepted the office of trustee under the will. It was held, that T. did not, by renouncing the office of executor, lose the power to sell as trustee under the will, and that sales and conveyances so made by him, after his acceptance of the trust, were valid as against C.'s residuary devisees and their heirs.

THIS was a writ of entry, brought on the 29th of June, 1849, to recover one undivided eleventh part of a tract of

land in Leicester, being the same premises in controversy in the action between the same parties reported in 13 Met. 220. The tenant pleaded the general issue; and the case was submitted to the court upon the following statement of facts:

Ephraim Copeland died on the 3d of March, 1842. His last will,* which was duly proved and allowed on the first Tuesday of August, 1842, contained the following clause: " I hereby nominate and appoint Captain Jonas Tucker, of Charlton, to be the sole executor of this my last will and testament, and hereby authorize and fully empower him to sell and convey such of my property, as in his judgment will best promote the interest of all concerned, to raise the two thousand dollars for the use of my wife and daughter, and to pay my just debts."

On the 4th of April, 1842, Tucker declined the office of executor, in these words: " I, the subscriber, having been named as executor, in the last will and testament of Ephraim Copeland, late of Leicester, in said county, deceased, do hereby decline that trust. Jonas Tucker." On the 7th of February, 1843, Ebenezer Dunbar, a creditor of the estate, was appointed administrator, with the will annexed; and afterwards, under a supposed power in the will, assumed to sell the demanded premises at public auction, and to convey the same to the demandant, who entered into possession under the deed so given. This court, at the October term, 1848, upon a writ of entry to recover the premises, brought by the present tenant against the present demandant, held this deed to be void for want of authority in Dunbar to sell; and on the 11th of October, 1848, rendered judgment accordingly in favor of the present tenant, then demandant. 13 Met. 220.

On the 20th of December, 1848, Tucker accepted, in writing, the office of trustee under the will, and gave bond for the faithful performance of the duties of that trust. Afterwards, without public notice, or any notice to the residuary devisees, he sold the demanded premises, and on the 30th of said December,

---

* The important parts of this will are fully set forth in the report of the case of *Tainter* v. *Clark*, 13 Met. 220, 221.

executed a deed of the same to the demandant, who was then in possession thereof under his deed from Dunbar. The material part of this deed was as follows: " Know all men by these presents, that I, Jonas Tucker, of Charlton, in the county of Worcester, yeoman, trustee under the last will and testament of Ephraim Copeland, late of Leicester, in said county, deceased, which has been duly proved, approved and allowed; being authorized by said will to sell and convey such of the property of said deceased as therein expressed as in my judgment would most promote the interest of all concerned, to raise the two thousand dollars of legacies, and to pay his just debts, as set forth in said will, in consideration of thirteen hundred and fifty eight dollars and forty eight cents to me paid by Asa W. Clark, of said Leicester, yeoman, the receipt whereof is hereby acknowledged by virtue and in pursuance of said authority, do hereby give, grant, sell and convey to the said Asa W. Clark, his heirs and assigns, the following described parcel of real estate." [Then followed the description.] " Being the same premises which are described in what purports to be a deed from Ebenezer Dunbar, administrator, to said Clark, dated October 18, 1843, recorded," &c., " to which reference may be had for a description." On the 10th day of April, 1849, Tainter took possession of the premises under a levy of an execution issued on the judgment rendered in his favor in October, 1848.

The parties agreed that, upon the foregoing facts, judgment should be entered, on nonsuit or default, as the court should determine; reserving the question of rents and profits to be determined by a jury, unless the parties should agree thereon.

*P. C. Bacon*, for the demandant.

*L. Williams* and *J. H. Mathews*, for the tenant.

In this and the two following cases, argued at a former term, opinions were now read, as drawn up by

DEWEY, J. The demandant claims the premises in controversy under a deed from Jonas Tucker, acting under a supposed authority, derived from the last will of Ephraim Copeland. The validity of this deed is the subject of the present inquiry.

48.*

Although under another form, yet the construction of that clause in the will, giving Tucker a power to make sale of the lands of Copeland, was much considered in the case between these parties, in 13 Met. 220. The title then set out by Clark was a conveyance by a deed from Dunbar, the administrator, who claimed to have the power of sale of the lands, as successor in the administration, and that, as such administrator, he might lawfully sell the same for the payment of debts and legacies, without any order for such sale from the court of probate, or this court. The former case, it is true, required no farther decision than that Dunbar had no power, under the will, to make sale of the lands for the purposes for which Tucker was authorized to sell them. But the decision of that point involved, to a great extent, the farther question of the authority of Tucker to make such sale, although he had renounced the executorship. Indeed one of the strong grounds, set forth in the opinion of the court, as a reason why Dunbar could not sell under the will, was based upon the direct assumption of the continuance of the power in Tucker to make such sale and conveyance, as trustee under the will, after he had renounced the executorship.

Subsequently to this decision, and, as we may suppose, acting in reference to it, Tucker assumed the trust under the will, gave bond as such trustee, and proceeded to make sale of the lands for the purposes stated in the will. Clark became a purchaser of that portion of the land which is demanded in the present suit, and received from Tucker a good title, if it was competent for Tucker to give one. Upon this title Clark now relies, and, for the purpose of sustaining it, he refers us to the opinion and views of this court, as expressed in the former case between himself and Tainter; and especially to that part affirming that the power of sale still continued in Tucker, notwithstanding he had declined the executorship. In that case, in assigning the reasons why the power to make sale of the lands did not vest in Dunbar, on his appointment as administrator, it was said by the court, in the opinion pronounced: " Tucker, the donee of the power, has never renounced it, and the consequent trust; and we are

not aware of any impediment to his executing it;" and again :
" It is clear he was both trustee and executor, under the will,
and the power to sell, being coupled with a trust, has not
been relinquished." These positions, thus stated, are expound-
ed and enforced in an argument by the learned judge. This
language fully recognizes the power 'of Tucker to sell the
lands, as a continuing power, and one that he might lawfully
exercise ; and had it come from the court in another form, as
for instance in answer to the petition from Tucker, asking the
direction of the court as to his power and duties, it would be
at once held conclusive. Although not given in that form,
yet it was an opinion of this court, giving a construction to
this will in reference to the power of sale given to Tucker, and
the effect of his renouncing the executorship, upon that power.

As it seems to us, the view taken in the former case must
now be held to be the law applicable to the power of Tucker
to sell. In the former case, the title of Clark was that of a
*bonâ fide* purchaser from an administrator acting, as he sup-
posed, under authority vested in him by the will, but, as the
court held, under an erroneous view of his authority. The
court assigned two reasons for this opinion. 1st. That the
power to sell, conferred on Tucker, was a personal confidence,
and so not transmissible to Dunbar. 2d. That the power
vested in Tucker was not annulled by his renunciation of the
executorship, inasmuch as he was also a trustee, and so the
power to sell remained in full force.

The tenant, Tainter, relies upon this opinion for one pur-
pose, viz., to show that the demandant has no valid title
under the administrator's deed, and that the power of sale,
vested in Tucker, was not one that would pass to an adminis-
trator with the will annexed ; but at the same time he would
repudiate the second ground assumed by the court as a reason
for rejecting this title through the administrator, viz., that
Tucker had never renounced the power of sale, and that he
might still exercise it.

Considering that the case of. *Tainter* v. *Clark* was so very
recently decided, and that it was a question of the construc-
tion of this will, that it was deemed proper by the court to con-

sider, as a branch of the inquiry, the question of the continu·ance of the power in Tucker to sell, and to express an opi·nion favorable to such power, and that, under that opinion, he has assumed to exercise it, and made various sales, we think the question must now be considered as settled, and that it was competent to the plaintiff to acquire a good title as against the residuary devisees of Ephraim Copeland, by a deed from Tucker acting under the authority vested in him by the will of Ephraim Copeland.

We have not overlooked the concluding paragraph, in the opinion referred to, as to the proper remedy for the adminis·trator, added by way of caution to the parties as to the course to be pursued; and although its language would admit of the construction that the court intended to express no opinion as to the power of Tucker to convey, if he volunta·rily assumed to act as trustee, and to sell under the power, yet· we apprehend that the remark was made rather with reference to the other modes named, of remedying the evil arising from the invalidity of the sale by the administrator, inasmuch as upon the question of the power still remaining in Tucker to sell, the court had expressed an opinion, and had assigned that as a good and sufficient reason for denying the authority of the administrator to sell, under the power in the will.

It is to be observed that this is an action against one who claims to hold the land as heir at law to a devisee under this will. As to such persons the devisor has the full right to dis·pose of his estate in such manner and under such incum·brances, as to trusts and powers to sell, as he may deem expedi·ent. This case raises no question of the rights of the creditors of an insolvent estate. Nor is there any conflict between an administrator with the will annexed, who has, under a license from the court, made sale of the estate to pay debts and lega·cies, and a trustee clothed by the testator with power to sell. The administrator has made no such application for leave to sell, and no conflict arises, except with the heirs at law of the devisees.

The result is that the demandant, having acquired a good title by the deed of Tucker, is entitled to maintain this action.

*Judgment for the demandant.*